(No. 5949—

DUDLEY PORTER, Administrator of the Estate of BENJAMIN R. PORTER, Deceased, and DUDLEY PORTER, Individually, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Order filed July 24, 1975.*

BURKS, J.

This matter is now before us on Respondent's motion filed May 5, 1975 for dismissal of this action on the grounds that this Court does not have jurisdiction of the subject matter of this claim. The Claimant having filed no objection to said motion, and the Court being fully advised in the premises, finds as follows:

The alleged wrongful death of Claimant's decedent was allegedly caused by the driver of a military vehicle who we find was not an agent of the State of Illinois at the time of the fatal accident. The departmental report in the record pursuant to our Rule 14, states in ¶1:

> At the time of the accident, the driver of the military vehicle, Sergeant James R. Hough, 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, was a member of Company B, 682d Engineer Battalion, Illinois Army National Guard. He was on an authorized mission and performing Federally funded annual training required by §503, Title 32, U.S. Code. Claim for property damage and death arising from this accident would therefore be cognizable under §715, Title 32, U.S. Code [commonly referred to as the National Guard Claims Act].

This Court has previously commented at length on the employment status of the members of the Illinois National Guard when they are on a federal mission and not engaged in the performance of a State function or in State service.

In a case almost identical to the claim before us, we held that the alleged tortfeasor, an Illinois National Guardsman on a federal mission, was not an agent of the State at the time of the fatal accident, and that the claim based upon the guardsman's negligence was not within the jurisdiction of this Court, *McRaven, Adm. v. State, Ill.Ct.Cl. No. 5586 filed July 14, 1972.*

Respondent's motion to dismiss this claim is hereby granted.