(No. 83-CC-2059–■■■■■■■

GORDON BAKER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 9, 1983.*

EDWARD T. GRANEY, for Claimant.

NEIL F. HARTIGAN, Attorney General (JAMES A. KOCH, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This matter is before the Court on the Respondent's motion to dismiss for lack of jurisdiction over the subject matter of this claim. The Claimant having filed no objection to said motion, and the Court being fully advised in the premises, finds as follows:

Claimant contends that the driver, Tommie Craft, of the National Guard truck was an agent of the State of Illinois at the time of the accident. This Court in *McRaven v. State* (1972), 23 Ill. Ct. Cl. 5, stated this was essential if the Court was to have jurisdiction over this cause of action.

The Claimant and the driver of the truck were Illinois National Guardsmen en route to Camp McCoy, Wisconsin, for summer training. The truck went out of control and crashed in Columbia County, Caledonia Township, Wisconsin. Both the driver and the Claimant were participating in Federally required and funded annual training pursuant to 32 U.S.C. 503.

In *Porter v. State* (1975), 31 Ill. Ct. Cl. 51, the Court denied the claim and held that the driver was performing Federally funded annual training pursuant to 32 U.S.C. 503, and therefore was on a Federal mission and not performing a State function. Hence, the driver was not an agent of the State at the time of the incident and the State was not liable.

Since the National Guard unit to which the driver was attached was not performing a State function or in State service at the time of the accident, the driver could not have been an agent or an employee of the State of Illinois. The Respondent cannot be held responsible for the driver's acts because of this fact, and therefore the Court does not have jurisdiction over the matter.

Wherefore, it is hereby ordered that this claim be, and hereby is, dismissed.